Commonwealth v. Bobbino, Appellant.

94

Argued October 28, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.,

*John S. Powers,* with him *Charles V. Ross* and *Walter A. Kieler,* for appellant.

*Leroy K. Donaldson,* Assistant District Attorney, with him *John G. Lamoree,* District Attorney, for appellee.

OPINION BY STADTFELD, J., March 1, 1941:

Michael L. Bobbino was charged on indictment, with the violation of Section 1833 of the Pennsylvania Election Code, Act of June 3, 1937, P. L. 1333 (25 PS §3533), providing that "Any person who votes or attempts to vote at any primary or election, knowing that he does not possess all the qualifications of an elector at such primary or election, as set forth in this act, shall be guilty of a misdemeanor ......"

On June 10, 1940, the defendant was tried before DICKEY, J., and a jury in the Court of Quarter Sessions of Lawrence County, New Castle, Pennsylvania. He was found guilty. A motion for a new trial and a motion in arrest of judgment were dismissed, and defendant was sentenced to pay a fine of $1, costs of prosecution, and by virtue of Section 1852 of the Election Code (25 PS §3552) was ordered deprived of the right of suffrage absolutely for a term of four years. This appeal followed.

Appellant, Michael L. Bobbino, was an unmarried man employed by the Commonwealth of Pennsylvania, in one of the departments at Harrisburg from September 1, 1935 and through September 12, 1939, primary election day. Prior to his employment by the Commonwealth, appellant made his home with his parents, brothers and sisters at 1002 South Jefferson Street in the first election district of the eighth ward of the City of New Castle, Pennsylvania. By reason of his employment, appellant lived in Harrisburg and only on rare occasions during his employment, returned to his home in New Castle. He was, however, registered with the permanent registration commission for New Castle as a qualified elector with a place of residence at 1002 South Jefferson Street but not as a qualified non-resident elector by virtue of necessary absence on account of government employment. On or about August 28, 1939, while appellant was in Harrisburg, the Bobbino family vacated the South Jefferson Street house and moved to 1020 Beckford

Street in the sixth election district of the fourth ward, of New Castle. Appellant in Harrisburg was advised of this change of address by a letter received from his mother the day before Labor Day. It does not appear from the evidence, however, that appellant had ever visited or been present at the family's new house prior to September 12, 1939.

After learning of this change of address, Bobbino consulted James Wallace, Chief of Election Bureau in Harrisburg, Morris Bell, assistant chief, and Jess Smith, deputy secretary of the Commonwealth. He was advised that he had not lost his right to vote in the first precinct of the eighth ward of New Castle by reason of the fact that the other members of the family had moved to the fourth ward.

On primary election day, September 12, 1939, appellant presented himself at the first election district voting poll in the eighth ward, signed a voter's certificate stating his address to be 1002 South Jefferson Street, and cast a ballot. On or about October 7, 1939, the Registration Commission for Lawrence County received a card from appellant notifying the commission of his removal from his last residence and applying for a transfer of registration. Over appellant's signature, the card stated that he had removed his place of residence from 1002 South Jefferson Street, first election district, eighth ward, New Castle, and on August 28, 1939 (about two weeks before the election in question) had established his place of residence at 1020 Beckford Street, sixth election district, fourth ward, New Castle.

Appellant contends that the charge of the court below was erroneous. This contention is covered by the first and second assignments of error. Reviewing the instructions given the jury, we find that the court below charged, inter alia, as follows: "The duty devolves upon every citizen to use ordinary care in ascertaining his right to exercise the elective franchise and, if one without qualifications and careless whether he has a right to vote or

not does vote, his lack of knowledge will furnish no excuse. Now, you are to take into consideration the defendant having stated he knew the family had moved. That house had been vacated, yet he goes and votes; puts his name down as living at this place with the knowledge that the family had vacated 1002 South Jefferson Street. Did he do it knowingly? That is for you to decide."

The first portion of this charge apparently relies for its authority upon the case of *State v. Savre*, 129 Iowa 122. An examination of the opinion in that case discloses the following more complete statement of the principle in question, at p. 131: "The duty devolves upon every citizen to use ordinary care in ascertaining his right to exercise the elective franchise, and, if one without qualification and careless whether he have the right or not votes, his lack of knowledge will furnish no excuse. *But, if a person upon due inquiry ascertains all the facts, and, basing his judgment on these in good faith, concludes that he is qualified to vote and does so, his act is not 'wilful' within the meaning of this statute, even though a more vigorous investigation, in the light of exact legal rules and maxims, it shall turn out that he was not in fact qualified.* This does not mean that a mistake of law will afford any defense, for every one is presumed to be as familiar with the election laws as with others." (Italics supplied). This statement of law is quite proper in view of the fact that the particular statute there involved (Section 4921 of the Code) made it an offense for one not qualified to "willfully vote." In view of the absence of any requirement of knowledge of disqualification, that court indicated that the element of "willfullness" could be supplied from "carelessness" as to whether one had the right to vote or not. Our own Act of Assembly involved in the instant case does, however, have a requirement of knowledge, and hence the charge of the court below instructing the jury that "lack of knowledge" furnishes no excuse if the defendant had been careless, is clearly erroneous.

The distinctions that may exist among statutes covering the same subject matter in various jurisdictions, are recognized by the Savre case. Attention is there called to a Massachusetts case involving the construction of a statute more like the one here involved. In the case there referred to, *Com. v. Bradford,* 9 Metc. (Mass.) 268, the statute provided that "if any person, knowing himself not to be a qualified voter, shall, at any election, willfully give in a vote for any officer to be then chosen," he shall be punished. The Supreme Judicial Court of Massachusetts said, p. 272: "In order to convict a party, under this statute, which is extremely liberal, in this respect, it is necessary to prove not only that the party had no right to vote, *but he knew it.* As this qualification depends upon domicil, and that is often a complicated question of law and fact, we have no doubt, that if the voter, in good faith, and with an honest purpose to ascertain the right, shall make a true statement of the facts of his case to a professional man, or any other man of skill and experience, capable of advising him correctly, the evidence of such advice, and the facts upon which it was taken, are competent, as bearing upon the question whether he knew that he had not a right to vote." (Italics supplied).

With reference to the second portion of the charge above quoted and assigned as error, the court below seems to have implied as matter of law that defendant's knowledge of his family's change of residence amounted to a change of residence on his part, and hence reduced the issue simply to whether defendant knew he was voting. But this change of residence of his parents did not *ipso facto* change his residence too. The real issue, however, is whether defendant had "chosen voluntarily to abandon his former residence, and actually to gain a new one." (*Fry's Election Case,* 71 Pa. 302, 311). The proper question for submission to the jury was whether defendant voted, knowing he did not have all the qualifications of an elector. And bearing

upon this issue is the question of his change of residence as well as his explanation based upon a belief that he was a qualified non-resident elector by virtue of necessary absence on account of government employment in accordance with the Act of May 25, 1937, P. L. 849, Sec. 19, part "g" (25 PS §947-19, part "g"). Because of the erroneous charge to the jury, the conviction of appellant should not be sustained.

Accordingly, the judgment of the court below is reversed and a new trial granted.