407 A.2d 51

**COMMONWEALTH of Pennsylvania**

v.

**Robert A. MALENO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1978.

Decided July 13, 1979.

A. Charles Peruto, Philadelphia, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

Appellant, Robert A. Maleno, appeals from convictions of Criminal Conspiracy, Theft by Deception, Deceptive Business Practices, and Aiding in the Consummation of a Crime. Maleno owned and operated an employment agency "RAM Associates" in Montgomery County. At a jury trial before the Honorable Frederick B. Smillie, it was found that during 1973 and 1974, Robert A. Maleno entered into a conspiracy with Frank P. Lennon, then head of the Industrial Relations Department of the Wiedemann Division of the Warner

Swasey Company, whereby appellant Maleno invoiced Warner Swasey for professional placement services in connection with five persons hired by Warner Swasey when no such services were performed by RAM Associates. Several issues are raised on this appeal.

Appellant first contends that the statute of limitations had run on the crimes for which he was prosecuted. The Pennsylvania Crimes Code, 18 Pa.C.S.A. 108, "Time Limitations", poses a general limitation of two years from the commission of the crime until the filing of the criminal complaint. However, under 18 Pa.C.S.A. 108(c)(1) "Exceptions", a prosecution may be commenced up to five years from the commission of a crime if fraud or breach of fiduciary duty is a material element of the offense and the complaint is filed within one year from the discovery of the crime.

■ This exception is applicable to the instant case and the prosecution of appellant was commenced within the time limits of 18 Pa.C.S.A. 108(c)(1). Robert A. Maleno was charged with inter alia, Deceptive Business Practices (18 Pa.C.S.A. 4107) and Theft by Deception (18 Pa.C.S.A. 3922). Fraud is a material element of both offenses. Although the last crime, which was the object of the conspiracy, was committed on February 10, 1974, the crimes were not discovered until April of 1976. The criminal complaint was filed on June 28, 1976—within a year after the crime was discovered and within five years from the time the crime was committed. Appellant was timely prosecuted for the crimes charged.

Appellant further alleges that the Commonwealth failed to comply with the terms of Rule 1100 of the Pennsylvania Rules of Criminal Procedure, and that he should be discharged accordingly. Specifically he argues that:

1. The Commonwealth failed to establish that any delay was attributable to the defense;

2. The Commonwealth failed to prove "with particularity" its inability to try the case within the prescribed time period;

3. The Commonwealth's Petition for Extension was a form petition prohibited under the ruling in *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976); and

4. The Commonwealth failed to establish that it exercised due diligence. Briefly, the criminal complaint in this case was filed on June 28, 1976. The Petition for Extension was filed 178 days later on December 23, 1976. On January 6, 1977 the petition was granted, extending the time for trial to April 1, 1977. The trial commenced on March 3, 1977.

It is noted initially that the Commonwealth never argued that delay attributable to the defense should have been excluded from the 180 days; we find it unnecessary, therefore, to decide this point. The other three contentions can be considered together since they all relate to the content of the Petition for Extension.

■ The petition is lengthy. It alleges the dates of the filing of the complaint, the arraignment, and the first listing of the case for trial, which was December 6, 1976. The petition goes on to aver that despite the due diligence of the District Attorney, the case could not be tried when listed nor within the 180 day period because of the volume of criminal litigation scheduled and the substantial backlog of cases which plagued the Criminal Courts of Montgomery County. The petition describes the "continuous criminal court calendar" of the court, and enumerated the cases listed for trial in the month of December, 1976 (1,369) and the fact that there were only five judges available to try those cases. Attached to the petition as exhibits are the Administrative Report of the Criminal Courts of Montgomery County to the Administrative Office of the Supreme Court of Pennsylvania and a copy of the Montgomery County Criminal Court Calendar for the month of December, 1976, which confirm the allegations contained in the petition. We find this petition shows due diligence in the face of judicial delay and further demonstrates why this particular case could not be tried within the 180 day period. The petition clearly satisfies the requirements of *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976) and *Commonwealth v. Shelton*, 469

Pa. 8, 364 A.2d 694 (1976). Appellant's contention that the Petition for Extension in this case was improper and insufficient is, therefore, wholly without merit.

■ Appellant next contends that the trial court committed reversible error in permitting portions of an absent co-conspirator's guilty plea to be read into the record in the presence of the jury to establish the unavailability of that alleged co-conspirator to testify. We are constrained to agree under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). *Bruton* held it a violation of a defendant's right of confrontation to admit into evidence inculpatory statements of a co-defendant where that co-defendant did not take the stand, and was not subject to cross-examination. We cannot distinguish the facts of the instant case from those in *Bruton*. The Commonwealth insists that *Bruton* is distinguishable because it involved the admission of a co-defendant's confession whereas, instantly, only the fact of a co-conspirator's guilty plea was admitted, and not the substance thereof. We find this to be a distinction without a difference. The information concerning the guilty plea was highly prejudicial and directly linked appellant to the crimes for which he was on trial. The fact that the plea was admitted for the sole purpose of showing the co-conspirator unavailable to testify further emphasizes the violation of appellant's constitutional right of confrontation under *Bruton*.

The Commonwealth further relies on *Commonwealth v. Hirsch*, 225 Pa.Super. 494, 311 A.2d 679 (1973), for the proposition that the *Bruton* rule has no application in cases where a conspiracy is shown. However, the real import of the *Hirsch* case also involves the protection of the right of confrontation. In that case, out of court statements of a defendant's accomplices were determined admissible to prove conspiracy because each co-defendant took the stand, and was subject to cross-examination by the other co-defendants. Based on the foregoing, this case must be remanded for a new trial. Due to the necessity of a retrial, we will not discuss the remaining trial errors raised by appellant.

Judgment of sentence is vacated and the case is remanded for a new trial.

HOFFMAN, J., concurred in the result.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.