422 A.2d 847

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Murray BIDNER.**

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed Oct. 24, 1980.

Petition for Allowance of Appeal Denied Feb. 12, 1981.

Carolyn Engel Temin, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

C. Robert Cohen, Philadelphia, for appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

HESTER, Judge:

The Commonwealth of Pennsylvania brings this appeal from an Order of the lower court quashing eight bills of Information lodged against appellee Murray Bidner on January 31, 1979. The Informations charged appellee with a variety of voting irregularities in several primary and general elections in Philadelphia between October, 1974 and May, 1978. Presently before us are the following charges, with a brief description:

| Bill No. | Offense | Alleged Act | Date of Offense |
|---|---|---|---|
| 2514 | Perjury – 18 Pa.C.S.A. § 4902 | False Statement Under Oath in Election Court | 5/16/78 |
| 2515 | Perjury on a Voter Registration Affidavit 25 P.S. § 623–45(d) | False Statement as to address | 10/3/74 |

| Bill No. | Offense | Alleged Act | Date of Offense |
|---|---|---|---|
| 2518 | Unsworn Falsification to Authorities 18 Pa.C.S.A. § 4904 | False address on Court Order | 5/16/78 |
| 2519 | Unsworn Falsification to Authorities 18 Pa.C.S.A. § 4904 | False address on Voter's Certificate | 5/16/78 |
| 2520 | Unsworn Falsification to Authorities 18 Pa.C.S.A. § 4904 | False Address on Voter's Certificate | 3/21/78 |
| 2521 | Unsworn Falsification to Authorities 18 Pa.C.S.A. § 4904 | False Address on Voter's Certificate | 11/8/77 |
| 2522 | Unsworn Falsification to Authorities 18 Pa.C.S.A. § 4904 | False Address on Voter's Certificate | 5/17/77 |
| 2523 | Unsworn Falsification to Authorities 18 Pa.C.S.A. § 4904 | False Address on Voter's Certificate | 11/2/76 |

On May 30, 1979, following consideration of appellee's motion to quash, the court entered an opinion and order granting the motion as to all bills. This appeal followed. Since the lower court found differing reasons to quash the bills, we will consider each of the Informations seriatem.

On May 16, 1978, a primary election was held in the City of Philadelphia. On that day, appellee Bidner petitioned the Court of Common Pleas, Philadelphia County, in its capacity as the Elections Court,[1] to permit him to vote, even though his name had been removed from the district register.[2] During the hearing, under oath, appellee stated his address to be 721 Ranstead Street. Following the brief hearing, the court issued an order permitting Bidner to vote. Bill of Information No. 2514 charges appellee with perjury under the Crimes Code, 18 Pa.C.S.A. § 4902[3] for making a

1. Election Code, Act of June 3, 1937, P.L. 1333, Art. XII, § 1206, as amended, 25 P.S. § 3046.

2. 25 P.S. § 623–27.

3. Section 4902 provides in part:

false statement as to his residence at that hearing. The lower court quashed this bill, holding that Bidner should have been charged with perjury under the Election Code, Act of June 3, 1937, P.L. 1333, Art. XVIII, § 1802, 25 P.S. § 3502, which provides:

Any wilful false statement made under oath or affirmation or in writing, stating that it is so made, although such oath or affirmation may not have actually been made, by any person regarding any material matter or thing relating to any subject being investigated, heard, determined or acted upon by any county board of elections, or member thereof, or by any court or judge thereof, judge of election, inspector of election, or overseer, in accordance with the terms of this act, shall be perjury, and any person upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred ($500) dollars, or to undergo an imprisonment of not less than three (3) months nor more than two (2) years, or both, in the discretion of the court.

We agree with the court below.

Both Section 4902 (Crimes Code) and Section 3502 (Election Code) embrace the same subject matter—a wilfully false statement under oath—except that the latter provision classifies the offense as a misdemeanor carrying a two year maximum imprisonment, rather than a felony with a maximum penalty of seven years, as under § 4902. In addition, it is appropriate to observe that § 4902 is a general penal provision encompassing all wilfully false statements in any official proceeding. Section 3502, on the other hand, is a more specific measure applying only to persons who violates its strictures in the exercise of their franchise privileges. The Commonwealth concedes that the two statutes are in conflict, since the general provision prohibits the same misconduct as the specific provision. In such a situation, we

A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.

look for guidance to the Statutory Construction Act, Act of December 6, 1972, No. 290, § 3, 1 Pa.C.S.A. § 1501 *et seq.* Section 1933 provides:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

Preliminarily, we note that we divine no "manifest intention" of the legislature that Section 4902 of the Crimes Code is to prevail over Section 3502 of the Election Code. Indeed, it has been observed that "this [Crimes] Code does not apply to or include offenses in other distinct areas of the law where an offense is defined and the penalty therefor is provided, such as the Vehicle Code, Liquor Code, etc." Toll, Pa. Crimes Code Annotated, p. 25 (1974). Since the Election Code establishes its own comprehensive scheme of offenses and penalties, 25 P.S. §§ 3501–3553, it would seem that the legislature intended to accord special treatment to this area of criminal conduct to the exclusion of the more general provisions of the Crimes Code. Moreover, the legislature has recently amended certain sections of the election laws penalty provisions,[4] thus manifesting its intention that the Election Code remains viable and should continue to govern whenever the misconduct appertains to elections. We thus conclude that the Crimes Code was not meant to prevail over the specific penalty measures of the Election Code.[5]

4. See, Act of July 1, 1976, P.L. 476, No. 122, § 24 (25 P.S. § 623–45); Act of July 1, 1976, P.L. 523, No. 124, § 5 (25 P.S. § 3520); Act of October 4, 1978, P.L. 893, No. 171, § 3, 5, § 7 (25 P.S. §§ 3541, 3543, 3545).

5. For similar reasons, we reject the Commonwealth's suggestion that the Crimes Code repealed by implication the perjury provision of 25 P.S. § 3502. See, 1 Pa.C.S.A. § 1971. Repeals by implication are a

 The conflict between the two sections is best resolved, we think, by construing the special provision (§ 3502) as an exception to the general (§ 4902). It is, in fact, the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special provisions available. *Commonwealth v. Brown*, 346 Pa. 192, 29 A.2d 793 (1943); *Commonwealth v. Buzak*, 197 Pa.Super. 514, 179 A.2d 248 (1962); *Commonwealth v. Litman*, 187 Pa.Super. 537, 144 A.2d 592 (1958). Thus, in *Brown*, the Court was confronted with the question of whether a defendant who had wilfully made a false statement to a nomination paper required under 25 P.S. § 3513 of the Election Code could be prosecuted for perjury under 18 P.S. § 4322 of the 1939 Penal Code. Finding the two statutes in conflict, the Court held that the viability of the Election Code's penalty provisions had not been affected by the Penal Code and that the former provided the sole avenue of prosecution for conduct falling within its terms:

> We hold that section 322 of the Penal Code of 1939 which treats of perjury generally in its manifold forms does not affect in any way the specific penal provisions of the Election Code of 1937, which relate to violations of that Code, and that any person who is charged with knowingly making false statements in any affidavit required by that Code to be appended to or accompany a nomination petition or a nomination paper, etc., must be prosecuted under its penal provisions and not on a charge of perjury under the Penal Code.

question of legislative intent, but since repeals by implication are not favored in law, the intent must be clear. *Commonwealth, Dept. of Education v. First School*, 471 Pa. 471, 370 A.2d 702 (1977); *Cedarbrook Realty, Inc. v. Nahill*, 35 Pa.Cmwlth. 352, 387 A.2d 127 (1978), aff'd., 484 Pa. 441, 399 A.2d 374 (1979). An implied repeal only arises where the language used in the later statute necessarily discloses an irreconcilable repugnancy between its provisions and those of the earlier statute so inconsistent as not to admit of any fair consonant construction of the two. *First School*, supra; *Parisi v. Philadelphia Zoning Board of Adjustment*, 393 Pa. 458, 143 A.2d 360 (1958); *Duda v. Commonwealth, Dept. of Pharmacy*, 38 Pa.Cmwlth. 378, 393 A.2d 57 (1978). Since we may effect a consonant construction by merely applying § 3502 to perjury relating to elections, we find no "irreconcilable repugnancy" and no implied repeal.

346 Pa. at 200–201, 29 A.2d at 797.

Similarly in *Buzak*, supra, the issue was whether a defendant who knowingly made a false representation to obtain compensation under the Unemployment Compensation Law, violating 43 P.S. § 871, could be prosecuted for false pretenses under 18 P.S. § 4836 of the 1939 Penal Code. The Court answered the question in the negative, holding that the Unemployment Compensation Law provided a specific penal provision and, as such, was intended to cover exclusively situations of fraudulent procurement of unemployment compensation. "It seems more reasonable to believe that the legislature which enacted the ... Unemployment Compensation Law intended to punish violators of that law by the penal provisions of that special legislation ... rather than to subject such violators to criminal prosecution as a felon under the Penal Code." 197 Pa.Super. at 518, 179 A.2d at 250. And in *Litman*, the Court held that the special penalty clause of the Medical Act must apply to a prosecution rather than the general penal section of obtaining money by false pretenses, citing *Brown*, supra. See also, *Commonwealth v. Bellis*, 252 Pa.Super. 15, 380 A.2d 1258 (1977), rev'd. in part, 484 Pa. 486, 399 A.2d 397 (1979). We thus find that the crime of perjury, committed in the exercise of one's franchise privilege, must be prosecuted under 25 P.S. § 3502 and not under the Crimes Code. The lower court properly quashed Bill No. 2514.

 Following the election day hearing of 5/16/78, the court issued an order permitting appellee to vote, to which order appellee affixed his signature and address, 721 Ranstead St. In Bill of Information No. 2518, the Commonwealth charged appellee with making an unsworn falsification to authorities under the Crimes Code, 18 Pa.C.S.A. § 4904 for signing an allegedly false address to the court order. The lower court quashed this Bill finding that it did not constitute a separate and distinct crime from that alleged in No. 2514 (perjury in Election Court). In other words, the court held that verbally lying under oath as to

one's address was the same crime as giving the false address on an election form and that these two counts must merge and cannot be charged as separate crimes, citing *Commonwealth v. Davenport*, 255 Pa.Super. 131, 386 A.2d 543 (1978). Whatever the merits of such a position, it is clear that the issue is moot since we have already sustained the court's holding that Bill No. 2514 was properly quashed. Since the Information charging perjury has been dismissed, there is no longer any issue as to multiplicity[6] of counts. Accordingly, we will reverse that portion of the court's order quashing Bill No. 2518.[7]

■ In Bill of Information Nos. 2519 through 2523, the Commonwealth charged appellee with Unsworn Falsification

**6.** Multiplicity, the charging of a single offense in several counts or informations, is to be distinguished from duplicity, which refers to the joining in a single count of two or more separate crimes. *U.S. v. Chrane*, 529 F.2d 1236, fn.3 (5 Cir., 1976). Even were we to reach the multiplicity issue relied upon by the court below, we entertain serious doubts as to its validity. To determine whether separate offenses may be carved out of a single incident, the standard to be followed is whether each separate offense alleged requires proof of a fact that the other does not. *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *U.S. v. Pray*, 452 F.Supp. 788 (M.D.Pa. 1978); cf. *Bellis*, supra. The essential elements of the crime of perjury are: (1) oath or affirmation; (2) materiality of the lie; and (3) the lie must be told in an official proceeding. Toll, Pa. Crimes Code, p. 540 (1974). An obvious element of § 4904, Unsworn Falsification to Authorities, is the lack of an oath, as the section was particularly enacted to penalize *unsworn* falsifications. Toll, p. 558. Thus, a conviction for perjury would require proof of at least one element not required for conviction under § 4904.

**7.** In his motion to quash Bill No. 2518, appellee contended that his giving a false address should have been charged under 25 P.S. § 623–45(d) of the Registration Act, instead of under the Crimes Code. This argument was rejected by the court below and we agree. Sec. 623–45(d) is clearly applicable to unsworn statements made by persons applying only for registration. See, fn. 9, infra.

Moreover, from our review of the record, it seems that the multiplicity issue relied upon by the court below to quash Bill No. 2518 was never raised or presented by the parties at any time below. Appellee's sole argument for quashing Bill No. 2518 was that his conduct should have been prosecuted under the Election Laws. Our courts have criticized lower courts for reaching issues not presented by the litigants. *Commonwealth v. Branham*, 467 Pa. 605, fn. 3, 359 A.2d 766, fn. 3 (1976).

to Authorities under 18 Pa.C.S.A. § 4904[8] in that he inscribed an allegedly false address on a Voter's Certificate each time he voted on May 16, 1972; March 21, 1978; November 8, 1977; May 17, 1977; and November 2, 1976. The court quashed all five informations on the ground that these acts should have been charged under the Election Code. 25 P.S. § 3533, which provides:

## § 3533. Unlawful voting

Any person who votes or attempts to vote at any primary or election, knowing that he does not possess all the qualifications of an elector at such primary or election, as set forth in this act, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand ($1,000) dollars, or to undergo an imprisonment of not more than one (1) year, or both, in the discretion of the court.

We agree. Clearly, the giving of a false address on a Voter's Certificate in an attempt to vote constitutes illegal voting. See, *Commonwealth v. Bobbino,* 144 Pa.Super. 93, 18 A.2d 458 (1941)(prosecution under 25 P.S. § 3533 for signing false address on voter's certificate). Since 18 Pa.C.S.A. § 4904 could also proscribe in a general way the same conduct, the two sections are in conflict. As we have already stated, the law will not permit prosecution under the general provisions of the Crimes Code when there are applicable special provisions available. *Brown,* supra. Accordingly, the lower court was correct in quashing Bill Nos. 2519–2523.

**8.** This statute provides: In general.–A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:

(1) makes any written false statement which he does not believe to be true;

(2) submits or invites reliance on any writing which he knows to be forged, altered or otherwise lacking in authenticity; or

(3) submits or invites reliance on any sample, specimen, map, boundary boundary mark, or other object which he knows to be false.

In the final Bill at issue on this appeal, No. 2515, the Commonwealth charged appellee with violating 25 P.S. § 623–45(d)[9] in that he entered a false address on a Voter's Registration affidavit on October 3, 1974. The lower court held that the two year statute of limitations of 19 P.S. § 211 had expired and thus quashed this Bill. The court rejected the Commonwealth's contention that the applicable statute of limitations is Sec. 108 of the Crimes Code.

■ Before the enactment of the Crimes Code, the general statute of limitations applicable to criminal prosecutions was found in Act of March 31, 1860, P.L. 427, § 77, as amended, Act of April 6, 1939, P.L. 17, § 1, (19 P.S. § 211) which provides in part:

[A]ll indictments and prosecutions for other felonies not named or excepted heretofore in this section, and for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed.

Cf. *Commonwealth v. Shimpeno*, 160 Pa.Super. 104, 50 A.2d 39 (1946). With the advent of the new Crimes Code, the legislature retained the general two year limitation, but provided an exception:

If the period prescribed in subsection (b) of this section has expired, a prosecution may nevertheless be commenced for:

**9.** This section provides:

Any person who applies for registration, or who notifies the commission of a change of his residence address, knowing, or having reason to know, that he is not entitled to be registered, or having his residence address changed, or any person who declares as his residence a place or address which he knows or has reason to know is not his legal residence, or who falsely personates another in an application for registration, or who knowingly offers false naturalization papers to establish his claim to be registered, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand ($1,000.00) dollars, or to undergo an imprisonment of not more than three (3) years.

Certain amendments were enacted in 1976. Act of July 1, 1976, P.L. 476, No. 122, § 24.

(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years. 18 Pa.C.S.A. § 108(c)(1).

The Act of 1860 (19 P.S. § 211) did not contain such a provision extending the time for commencement of prosecutions involving fraud. Although the Crimes Code did not expressly repeal the Act of 1860,[10] the Judicial Code has now repealed both sections 108 and 211 and establishes a two year statute of limitation for all crimes,[11] retaining the fraud element exception of 18 Pa.C.S.A. 108. See, 42 Pa.C.S.A. 5552(a)(c).

■ Since the instant offense was allegedly committed in 1974, subsequent to the enactment of the Crimes Code, the question is whether the statute of limitations of the Crimes Code may be applied to crimes outside the Crimes Code, i. e., to a prosecution under the Election Code.[12]

In *Commonwealth v. Patterson,* 236 Pa.Super. 131, 344 A.2d 710 (1975), we held that § 108 of the 1972 Crimes Code did not apply to a prosecution under the old Penal Code. In dicta, we stated, "it is clear that this statute of limitation [Sec. 108] was meant to apply only to violations under the Crimes Code itself." 236 Pa.Super. at 134, 344 A.2d at 712. Subsequently, in *Commonwealth v. Bender,* 251 Pa.Super. 454, 380 A.2d 868 (1977), we were confronted with the question of whether § 108 could be applied to a prosecution under the tax laws where the offense occurred before the Crimes Code became effective. We held that Sec. 108 was not applicable and that the general statute of limitation, 19

10. See, Act of 1972, No. 334, Sec. 5(a).

11. Sec. 5552 of the Judicial Code provides a five year statute of limitations for certain major crimes in the Crimes Code.

12. The Election Code does not have its own statute of limitations.

P.S. § 211, was the governing law. We there had occasion to criticize the above–quoted passage in *Patterson* and suggested that Sec. 108 could indeed be applied to crimes outside the Crimes Code:

> Section 107(a) [18 Pa.C.S.A.], however, provides that "[t]he provisions of Part I .. [, which includes section 108,] are applicable to offenses defined by this title or by any other statute." It is a fundamental principle of statutory construction that "[w]henever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict . . . is irreconcilable, the special provisions shall prevail . . . ." 1 Pa.C.S. § 1933. Although the result in *Patterson* was correct, we do not view that case as binding authority for the proposition that section 108(b)(2) irreconcilably conflicts with section 107(a).

251 Pa.Super. at 458, fn.8, 380 A.2d at 870, fn.8.

Following the general dictates of 18 Pa.C.S.A. § 107(a), our Court has frequently applied provisions of Part I of the Crimes Code to prosecutions under other penal statutes. See, e. g., *Commonwealth v. Nay,* 281 Pa.Super. 226, 421 A.2d 1231 (1980) (applying 18 Pa.C.S.A. § 302 to charge of homicide by vehicle, 75 Pa.C.S.A. § 3732); *Commonwealth v. Rolinski,* 267 Pa.Super. 199, 406 A.2d 763 (1979) (applying § 302 to drug charge under 35 P.S. § 780–101 et seq.); *Commonwealth v. Stokes,* 264 Pa.Super. 515, 400 A.2d 204 (1979) (applying § 313 to drug charge); *Commonwealth v. Erisman,* 247 Pa.Super. 476, 372 A.2d 925 (1977) (applying § 108(e) to charge of drunk driving under 75 P.S. § 1037); *Commonwealth v. Jade East,* 237 Pa.Super. 140, 346 A.2d 562 (1975) (applying § 305 to offense under the Liquor Code, 47 P.S. § 4–493). The function of Part I of the Crimes Code is to articulate the norms that govern *any* application of the penal sanction. Toll, supra, p. 26. Since other provisions of Part I have been so liberally applied to crimes outside the Code, we find no persuasive reason why we should not also apply the Statute of Limitation of Part I to such offenses.

Such, we think, is the clear intent of the legislature by virtue of § 107(a): "The provisions of Part I of this title . . . are applicable to offenses defined by this title *or by any other statute.*" (emphasis added).

The lower court assumed arguendo that § 108 of the Crimes Code would apply, but nonetheless held the prosecution barred because the Information, No. 2515, did not "allege facts from which the court could determine that the limitation was tolled." As we have already noted, under § 108(c)(1), a prosecution may be commenced up to five years from the commission of the crime if fraud is a material element of the offense and the complaint is filed within one year of the discovery of the crime. See, *Commonwealth v. Maleno,* 267 Pa.Super. 560, 407 A.2d 51 (1979). To this end, whenever the Commonwealth seeks to toll the statute, we have required the prosecution to allege the exception in the Information. *Bender,* supra. The purpose of this rule is "to apprise the defendant that he must defend not only against the crime itself, but also against the limitation of prosecution." *Commonwealth v. Cody,* 191 Pa.Super. 354, 156 A.2d 620 (1959); *Commonwealth v. Craemer,* 236 Pa.Super. 168, 345 A.2d 212 (1975). This rule was fully complied with instantly since the Commonwealth alleged in Bill No. 2515 that "the above offense [25 P.S. § 623–45(d)] contains a material element which is . . . fraud and constitutes an exemption under Section 108 of the Crimes Code and 42 Pa.C.S.A. § 5552." Further, in *Commonwealth v. Stockard,* 489 Pa. 209, 413 A.2d 1088 (1980), the Commonwealth sought to toll the statute under § 108(f) (continuous absence of a defendant from the Commonwealth). Even though the indictment did not allege that the Commonwealth would seek to toll the statute, the Supreme Court found the rule of *Cody* and related cases satisfied: "As long as a defendant, some reasonable time before trial, is appraised that the Commonwealth will seek to toll the statute of limitations, the due process requirements of notice are satisfied." 413 A.2d at 1092–3 (footnote omitted). Since the appellee instantly is fully aware of the Commonwealth's intentions to

proceed under § 108(c)(1), we find the Information not fatally defective.

Accordingly, for the reasons expressed herein, the order of the lower court, insofar as it quashed Bill Nos. 2514, 2519, 2520, 2521, 2522, and 2523, is affirmed. That portion of the order quashing Bill Nos. 2515 and 2518 is, however, reversed and the record is remanded for further proceedings on those Bills.

Affirmed in part and reversed in part.