## Glessner v. Twigg

*Kim R. Gibson*, for plaintiff.
*Kenneth W. Johnson*, for defendant Twigg.
*James A. Kudaski*, for defendant Burkholder.

COFFROTH, *P.J.*, January 11, 1982—This case is before us on defendant Burkholder's exceptions

to the nonjury decision by Coffroth, P.J., in an assumpsit action, in favor of plaintiff against all defendants for the sum of $8,963. No exceptions were filed by plaintiff or by the other defendants (Twigg).

The prime question at issue may be stated as follows: Where a motor vehicle dealer agrees to act as agent in selling a used truck belonging to another (exceptant Burkholder) for a commission, and obtains a purchaser (defendant Twigg, Jr.) who is unable to make the purchase without financing; and plaintiff obtains financing from GMAC by use of a motor vehicle conditional sales contract showing plaintiff as seller, Twigg, Jr. as buyer, and the other defendants (Twigg Jr.'s parents, and exceptant Burkholder) as "co-buyers" who were in reality sureties or guarantors;[1] and plaintiff assigned the contract to GMAC and therein warranted that he was the owner and seller of the vehicle without disclosing therein his agency; do such representations make the contract so illegal as to excuse exceptant from liability thereon in accordance with its terms where all parties including GMAC had full knowledge of the status of the parties and the purpose of the transaction and assented thereto? The trial Judge answered in the negative and so do we as court en banc.

## DISCUSSION

In this assumpsit action, exceptant Burkholder asserted two alternative defenses to liability on the contract: (1) rescission for alleged wilful and de-

---

1. Under §3, subsection 3, of the Motor Vehicle Sales Finance Act, 69 PS §603, 3, the term "'buyer' . . . includes any person who as surety, endorser, guarantor or otherwise, is liable on the obligation created by the buyer under an installment sale contract."

ceptive misrepresentations by plaintiff to exceptant that the latter was signing the contract only as seller, not as co-buyer, or surety or guarantor;[2] and (2) illegality of the contract by reason of the false statements therein to GMAC that plaintiff was seller and owner of the vehicle and that exceptant (the true seller) was a co-buyer. The issue of misrepresentations by plaintiff to exceptant respecting the nature of the contract signed by exceptant, although briefed, is not assigned as error in the exceptions and is, therefore not before us.[3] The issue of rescission for fraud or misrepresentation was resolved by the trial judge in favor of plaintiff and against exceptant, on a record of conflicting testimony which contains adequate and substantial evidence supporting the trial judge's conclusion on that issue. In a nonjury trial, the judge's decision

---

2. There is, of course, a difference between the liability of a surety and that of a guarantor. A surety is primarily liable with the principal debtor to the creditor, whereas a a guarantor is secondarily liable to the creditor only if the principal debtor defaults. See PLE, Suretyship §3, and PLE, Guaranty §1; Summary Of Pennsylvania Jurisprudence, Surety and Guarantor §§1-3; Somerset Mack Sales and Service Inc. v. Bracken, 40 Somerset (1981).

In the instant case, the principal debtor (Twigg, Jr.) has defaulted, and it is therefore unnecessary to decide whether the other defendants were sureties or guarantors.

3. Civil Rule 1038(d) states in relevant part that: "Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters."

Civil Rule 1038(d) also expressly states that: "No motion for a new trial, for judgment notwithstanding the verdict, in arrest of judgment or to remove a nonsuit may be filed." Nevertheless, use of improper terminology will not justify dismissal of the motion: Norris v. Kopitsky, 278 Pa. Superior Ct. 77, 419 A. 2d 1365 (1980).

has the force and effect of a jury verdict, the trial judge has the same prerogative as the jury to determine credibility, and the reviewing court must review the record in the light most favorable to the decision winner, accepting as true only the evidence which supports the verdict and all reasonable inferences therefrom and disregarding all evidence favoring the losing party which the fact finder had the privilege of rejecting. See Com. v. Beckner, 30 Somerset 112, 113 (1975), cited and followed in Com. v. Cramer, 19 Cumberland 117 (1977), PLE, New Trial §43.

## Illegality

Exceptant Burkholder's contention of illegality in the contract is based on the proposition that plaintiff's obtaining of credit by use of contract documents incorrectly representing himself as owner and seller of the vehicle was a crime in violation of Crimes Code §4107(a)(6). Section 4107(a) and (b) of the code provide as follows:

"§4107. Deceptive business practices

"(a) Offense defined.—A person commits a misdemeanor of the second degree if, in the course of business, he:

(1) uses or possesses for use a false weight or measure, or any other device for falsely determining or recording any quality or quantity;

(2) sells, offers or exposes for sale, or delivers less than the represented quantity of any commodity or service:

(3) takes or attempts to take more than the represented quantity of any commodity or service when as buyer he furnishes the weight or measure;

(4) sells, offers or exposes for sale adulterated or mislabeled commodities;

(5) makes a false or misleading statement in any advertisement addressed to the public or to a substantial segment thereof for the purpose of promoting the purchase or sale of property or services;

(6) *makes a false or misleading written statement for the purpose of obtaining property or credit*, or

(7) makes a false or misleading written statement for the purpose of promoting the sale of securities, or omits information required by law to be disclosed in written documents relating to securities.

(b) Defenses.—It is a defense to prosecution under this section if the defendant proves by a preponderance of the evidence that his conduct was not knowingly or recklessly deceptive." (Emphasis supplied.)

We conclude that since the falsity of the statements in the contract, and the purpose for which the statements were made and used, were known and assented to by all parties including GMAC (the financing assignee), the statements were not deceptive and there is no violation of Code §4107 supra and that the contract was not therefore unenforceable for illegality.[4]

In Com. v. Maleno, 267 Pa. Superior Ct. 560, 407 A. 2d 51, (1979), the court held that fraud is an essential element of the crime of deceptive business practices under Crimes Code §4107. Fraud

---

4. We assume for purposes of discussion, without deciding, that a violation of Crimes Code §4107(a)(6) by means of misrepresentations of fact in an otherwise legal bargain would make the contract so illegal as to be unenforceable. See PLE, Contracts §§101-103 and 106; Restatement, Contracts, §§577 (Bargain To Defraud Or Harm Third Persons) and 580 (Bargain In Violation Of A Statute).

implies deception, PLE Fraud §1, and dishonesty: Com. v. Gallagher, 165 Pa. Superior Ct. 553 69 A. 2d 432, (1949); Phillips Adoption, 18 Somerset 302, 315, 12 D. & C. 2d 387, 420 (1957), Lansberry P.J. The text of §4107 supra listing in subsection (a) thereof the acts proscribed as wrongful, of which subsection (6) here involved is a part, all expressly or by clear implication require that there be in fact a *deception* of the other party. The statutory heading of the section, "Deceptive business practices", confirms that conclusion. Compare Com. v. Kalp, 40 Somerset 189, 207 (1981), bad check prosecution requires a false pretense which deceives the recipient. The point is made in Com. v. Masters, 199 Pa. Superior Ct. 184 A. 2d 347, 36 (1962) interpreting a similar statute, where the court said at pages 39, 40-41:

"The sole basis upon which appellants were convicted was that the advertisements contained a statement which, although in no sense deceptive, was technically untrue. This is not enough to sustain a conviction under the statute. It is fundamental that penal statutes must be strictly construed."

"So interpreted, the statute condemns untrue statements which are material in the sense that they cheat or mislead the public. We are of the opinion that a misstatement does not violate the statute unless it is materially untrue and therefore deceptive. Where an advertisement contains a mere technical untruth which does not deceive or mislead the public, there is no violation of the act. The word 'untrue' is not to be mechanically applied without regard to the practical effect of the result."

As the above quotation points out, another way of stating the matter is that the representation must be material: Spickler v. Lombardo (No. 4), 11

D. & C. 3d 627, 635 (1978); PLE, Fraud §6. A misrepresentation which, as here, is known by the recipients to be false and which is irrelevant to the conduct of the parties, cannot be said to be material to their conduct.[5]

Finally, fraud implies a wrongful intent to deceive (scienter): Com. v. Patton, 38 Somerset 339, 345 (1979); PLE, Fraud §8. A misrepresentation may also be actionable in civil law as fraudulent if made "with reckless indifference as to how it will be understood." Restatment, 2d Torts, §527. Crimes Code §4107(b) expressly makes clear that the mental state required for criminal violation is that the misrepresentation "was . . . knowingly or recklessly deceptive."[6]

---

5. While a fraudulent misrepresentation must be material in a civil deceit action, Restatement, 2d Torts, §538, it need not be material for rescission of a contract or conveyance: Id, Comment c; Fatich v. Berkey, 30 Somerset 151 (1975); compare Spickler v. Lombardo (no. 4), supra, 71 Note [14] on the differences in burden of proof in the two types of proceeding.

Also, there may be civil liability for negligent and innocent misrepresentation: Gary v. Masterson et al, 38 Somerset 347 (1979). Absent statutory language to the contrary, materiality is essential to criminal fraud. See: Com. v. Masters, quoted above in the opinion.

6. Restatement, 2d Torts, §527 quoted supra provides that in the circumstances there stated, a reckless misrepresentation is considered fraudulent. Since §527 is part of Chapter 22 of Restatement, 2d, Torts, the statement in Gary v. Masterson et al, 38 Somerset 347, 361 Note [3] (1979) that Chapter 22 "Makes no mention of recklessness is incorrect; accordingly the conclusion reached in Note [3] above mentioned that "a trespass claim based on reckless conduct as distinguished from negligent conduct is best pleaded in a separate count" seems also incorrect; instead, a reckless misrepresentation is a form of deceit and could be included within the count for deceit (fraudulent misrepresentation) as the basis for liability or as an alternative mode of operative conduct (Gary supra 388).

In this case there is ample evidence in the record to support the decision of the trial judge on the ground that there was no fraudulent deception such as is necessary to establish illegality under Crimes Code §4107 supra or otherwise.

Nor is there any public policy which requires condemnation of the procedure used in this case to the extent of voiding the contract. We do not perceive the conduct of the parties in using a contractual device to obtain financing in an essentially private and commercial transaction, agreed to by all and injuring no one, as injurious to the public good. See Siegel v. Philadelphia, 348 Pa. 245, 246-7, 35 A. 2d 408 (1944); PLE, Contracts §103; Restatement, Contracts §512: "A bargain is illegal . . . if either its formation or its performance is criminal, tortious, or otherwise opposed to public policy." The bargains in this case cannot be so classified. Compare Baldassari v. Baldassari, 278 Pa. Superior Ct. 312, 420 A. 2d 556, (1980).[7]

Moreover the equities are not with exceptant. He as seller, along with defendant Twigg, Jr. as buyer, were the persons whom the credit transaction was primarily designed to benefit and accommodate, and whose risks they voluntarily assumed. Plaintiff's financial interest in the transaction was merely his commission in the sale which was made largely to accommodate exceptant Burkholder

---

7. Even if GMAC had been deceived as to the nature of the transaction according to the provisions of the contract here in issue, it was not harmed and there was no tort. See: Spickler v. Lombardo (No. 4), supra, 36 Somerset at 52, 11 D. & C. 3d at 635; compare Restatement Of Agency 2d §302 et seq and Com. Bank v. Keech, 201 Pa. Superior Ct. 192 A. 2d 706, 284 (1963) on undisclosed principal (agency). If Crimes Code §4107 would have been violated, Query? Compare Com. v. Masters quoted above and see Note [1] supra.

whose interest was in the sale of his truck and the discharge of his indebtedness thereon. The assignment was with recourse, and the suit is to recover only plaintiff's out-of-pocket payment to redeem the paper after default. It would be a grievous injustice to deny recovery of that loss which was incurred primarily for exceptant's benefit in a transaction in which he was a willing, informed and indeed anxious participant.

### ORDER

Now, January 11, 1982, defendant Burkholder's exceptions to the nonjury decision for plaintiff are overruled and the prothonotary shall forthwith enter the nisi decison as the final decree.