## Commonwealth v. Corban Corporation

*Roy Manwaring,* for Commonwealth.
*Anthony Beltrami* and *Douglas Tkacik,* for defendant.

FREEDBERG, *P.J.,* July 22, 2005—This matter is before the court on pretrial motions of the defendants. The defendants are charged with six counts[1] each of vio-

---

1. A seventh count names Encore Coatings as responsible for not having provided workmen's compensation insurance. The Commonwealth agrees that the seventh count against Encore Coatings should be dismissed because it is merely a fictitious name employed by Corban and is not a separate legal entity. The reference in the informations to time periods beyond September 9, 2002, pertains only to Encore and

lating the Workmen's Compensation Act, Act of June 2, 1915 (P.L. 736, 338), as reenacted and amended, 77 Pa.C.S. §1 et seq., by failing to provide workmen's compensation insurance. 77 Pa.C.S. §501(a)(1). Defendant Condosta is a corporate officer of defendant Corban Corporation. The six counts against each defendant relate to six time periods when it is alleged that they failed to comply with the statutory obligation to provide workmen's compensation insurance coverage for employees of Corban Corporation.

Both defendants, Corban Corporation and Condosta, contend that the charges should be dismissed as violative of the statute of limitations. The complaints were filed on September 21, 2004. The offenses occurred prior to September 10, 2002. They assert that complaints were filed beyond a two-year limitation period which they contend applies. The Commonwealth responds that the complaints were filed within a five-year limitation period which it contends applies.

In support of their contention that the two-year limitation period is applicable, the defendants cite 42 Pa.C.S. §5552(a) which provides that, as a general rule, "a prosecution for an offense must be commenced within two years after it is committed." The Commonwealth contends that a five-year limitation period applies, citing 77 P.S. §1039.12. Defendants respond that the five-year limitation period relied on by the Commonwealth is not applicable to prosecution for failure to maintain workmen's compensation insurance; rather, they contend that the

---

not to defendants. Thus, the counts against Corban and Condosta relate to conduct occurring no later than September 9, 2002.

five-year limitation period applies only to prosecutions for insurance fraud under Chapter Seven F of the Workmen's Compensation Act. They premise their argument on the fact that section 1039.12 is contained in Chapter Seven F "Insurance fraud" where the insurance fraud offenses are set forth at 77 P.S. §1039.2.

We agree that the two-year limitation period applies to the charges, and, therefore, we grant the defendants' motions to dismiss the charges.

The Commonwealth's assertion that the two-year limitation of 42 Pa.C.S. §5552(a) applies only to crimes defined by the Crimes Code, 18 Pa.C.S. §101 et seq., is incorrect. The text of 42 Pa.C.S. §5552(a) does not so limit its application. Further, 18 Pa.C.S. §108 adopts the limitation period of 42 Pa.C.S. §5552 as applicable to offenses defined by the Crimes Code. 18 Pa.C.S. §107 provides that the provisions of Part I of the Crimes Code apply to offenses defined by any statute. Thus, the limitation period of section 108 (which incorporates 42 Pa.C.S. §4552) applies to all statutes including the penal provisions of the Workmen's Compensation Act. See *Commonwealth v. Bidner,* 282 Pa. Super. 100, 422 A.2d 847 (1980).

The five-year limitation period set forth at 77 Pa.C.S. §1039.12 was enacted as section 27 of the Act of 1996-57. The exact text of the provision is set forth in Laws of Pennsylvania, session of 1996, volume 1, Act 57, p. 386 as follows:

"Section 1112. A prosecution for an offense under this Act must be commenced within five years after commission of the offense."

The reference to "section 1112" is significant. A prior amendatory statute to the Workmen's Compensation Act—the Act of 1993, July 2, P.L. 190, no. 44—included Article XI Insurance Fraud setting forth the crimes defined at 77 Pa.C.S. §1039.2. The 1993 statute numbers the insurance fraud provisions as section 1101 et seq. Thus, by referring to section 1112, the legislature clearly specified that the five-year limitation period should be part of the Article XI provisions on insurance fraud rather than a provision of general applicability to all prosecutions under the Workmen's Compensation Act.

In providing a five-year limitation period for workmen's compensation insurance fraud, the legislature acted consistently with the five-year limitation period for general insurance fraud. 42 Pa.C.S. §5552(b) referring to section 4117 of the Crimes Code, 18 Pa.C.S. §4117.

Thus, the five-year limitation applies only to insurance fraud. The two-year limitation applies to the crimes charged against defendants.

Wherefore, we enter the following:

## ORDER

And now, July 22, 2005, it is hereby ordered that the defendants' motions to dismiss the charges for violation of the statute of limitations is granted.