J-S46008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GLENN STEWART STITT, JR., | : | |
| | : | |
| Appellant | : | No. 1881 MDA 2013 |

Appeal from the PCRA Order Entered October 9, 2013,
In the Court of Common Pleas of Berks County,
Criminal Division, at No. CP-06-CR-0003102-2005.

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 26, 2014**

Appellant, Glenn Stewart Stitt, Jr., appeals *pro se*, from the denial of his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

On June 29, 2005, Appellant was charged at Berks County Docket Number 3102-05 with failing to register as a sex offender for the period of July 12, 2001, through June 8, 2005.  On May 5, 2006, following an April 28, 2006 bench trial, Appellant was convicted of Failure to Comply with Registration of Sexual Offenders Requirements, 18 Pa.C.S.A. §4915(a)(1),[1]

---

[1]  Former § 4915, relating to failure to comply with registration of sexual offenders requirements, was derived from 2004, Nov. 24, P.L. 1243, No. 152, § 1; 2006, Nov. 29, P.L. 1567, No. 178, § 3; 2011, Dec. 20, P.L. 446, No. 111, § 1; 2012, July 5, P.L. 880, No. 91, § 1; and expired according to its own terms on December 20, 2012.  ***See*** 18 Pa.C.S.A. § 4915.1.

and Verification Procedures and Applicability, 42 Pa.C.S.A. § 9795.2(a)(2)(ii).[2] The trial court sentenced Appellant on December 1, 2006, to one to three years of imprisonment followed by four years of probation.[3] A timely appeal to this Court followed, wherein we summarized the facts and early procedural history as follows:

> The underlying facts of this matter are not at issue. In fact, much of the evidence presented at trial was stipulated. It is agreed that [Appellant] was convicted of sexual offenses in Texas;[4] [Appellant] was required by Texas law to register as a sex offender and the offenses, had they been committed in Pennsylvania, would require registration under Pennsylvania law. [Appellant] did register with the police when he first came to Pennsylvania in July 2001. However, in July 2002 [Appellant] moved from his apartment and did not notify the police. For at least part of the time after moving from his initial Pennsylvania residence, [Appellant] lived at the Barto Motel. The manager of the Barto Motel testified that [Appellant] lived at the motel from at least December 2003 through 2005.

---

[2] Former § 9795.2, relating to registration procedures and applicability, was derived from 2000, May 10, P.L. 74, No. 18, § 3; 2000, Dec. 20, P.L. 811, No. 113, § 2; 2002, Oct. 17, P.L. 880, No. 127, § 4; 2004, Nov. 24, P.L. 1243, No. 152, § 8; 2006, Nov. 29, P.L. 1567, No. 178, § 7; 2011, Dec. 20, P.L. 446, No. 111, § 9.1. **See** 42 Pa.C.S.A. §§ 9799.13, 9799.16, 9799.18, 9799.19, 9799.21.

[3] Appellant was originally sentenced on October 20, 2006, to one to seven years of imprisonment. On December 1, 2006, the trial court granted Appellant's motion to modify sentence and imposed the above-described sentence.

[4] Appellant was convicted in Texas of Section 21.11 (indecency with a child) of the Texas Penal Code, and as a result, he registered as a sex offender in Pennsylvania on July 12, 2001. N.T. (Trial), 4/28/06, at 9–10 Commonwealth Exhibit #1. The April 28, 2006 bench trial was largely submitted on the record created at the December 8, 2005 pretrial hearing.

*Commonwealth v. Stitt*, 947 A.2d 195, 196 (Pa. Super. 2008). We held therein:

> It is clear that at all times relevant to this matter, [Appellant] was aware that he was required to register as a sex offender and that prosecution was a possible consequence of failing to register. It is clear that [Appellant] failed to notify the proper authorities when he changed his address. Any technical error in referencing a prior statute (which was in effect when the violation began) in no way caused [Appellant] any prejudice due to lack of notice or caused him to be unable to present a defense. This is especially true where the statute referenced, 42 Pa.C.S. § 9795.2, specifically refers to both section 9795.1 (referenc[ing] those who are required to register) and 18 Pa.C.S. § 4915 (referencing the authority to prosecute for failing to register and setting forth the grade of the crime committed).

*Id*. at 199. Our Supreme Court denied review on May 5, 2010. *Commonwealth v. Stitt*, 995 A.2d 353 (Pa. 2010).

On June 14, 2010, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed on June 18, 2010, and sought to withdraw on February 18, 2011. The PCRA court granted the request to withdraw on March 10, 2011, appointed Lara Glenn Hoffert, Esquire, as conflict counsel, and issued notice to Appellant of its intent to dismiss the PCRA petition without a hearing. Counsel filed a petition to withdraw as counsel and a "no-merit letter" pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court permitted counsel to withdraw on March

10, 2011, and dismissed the PCRA petition on April 11, 2011. No appeal followed.

A bench warrant issued for Appellant on June 8, 2011, for violation of the probationary part of his sentence. The Berks County Common Pleas Court held a pre-revocation (**Gagnon I**)[5] hearing by video conferencing on June 20, 2011, and determined that probable cause existed to believe that Appellant violated his probation. On July 19, 2011, the court appointed Nicholas Stroumbakis, Esq., as conflict counsel. The court held a **Gagnon II** hearing on November 9, 2011. On November 10, 2011, the court revoked Appellant's probation and sentenced him to a term of incarceration of eight months to four years. No appeal followed.

On December 14, 2011, Appellant filed a second *pro se* PCRA petition challenging the validity of the 2006 conviction and sentence at the instant docket number as well as that imposed in a separate case at Berks County Docket Number 2321-06. Since it was a first petition for the other docket number, the PCRA court appointed Osmer S. Deming as counsel on March 5, 2012. Between April 3, 2012, and July 1, 2013, PCRA counsel filed nine petitions for extension of time to file an amended PCRA petition or no-merit letter; the PCRA court granted all of the petitions. On August 19, 2013, counsel filed a petition to withdraw as counsel and a no-merit letter pursuant

---

[5] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

to **Turner**/**Finley**. That same day, the PCRA court issued notice of its intent to dismiss the petition without a hearing and permitted counsel to withdraw. The PCRA court dismissed the PCRA petition on October 9, 2013.

Appellant filed notices of appeal at both docket numbers on October 18, 2013. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement on October 25, 2013, which was due within twenty-one days of the date of that order. No such statement was filed.[6, 7]

---

[6] Appellant's appeal to this Court in the other case, Berks County Docket Number 2321-06, at Superior Court Docket Number 1882 MDA 2013, was dismissed on January 29, 2014, for failure to comply with Pa.R.A.P. 3517 (Docketing Statement).

[7] As noted, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement on October 25, 2013, due twenty-one days from the date of the order, or by November 15, 2013. Appellant failed to file the court-ordered statement. The PCRA court notes in its Pa.R.A.P. 1925(a) opinion that Appellant filed on November 5, 2013, "a rambling, incoherent, twelve-page document," in which he alleged that he could not comply with the order directing the filing of a Pa.R.A.P. 1925(b) statement because he did not have access to the notes of testimony from his trials. PCRA Court Opinion, 11/12/13, at 1. The docket and record certified to us on appeal do not include the document referenced by the PCRA court. Moreover, the PCRA court noted that on July 19, 2013, the PCRA court ordered, and PCRA counsel complied, with the directive to provide, *inter alia*, all transcripts to Appellant.

Our Supreme Court has held that "Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered." **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011); **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998). In 2007, our Supreme Court amended Rule 1925 and added subsection (c)(3), which directs us to remand for the filing of a statement *nunc pro tunc* if we are convinced that counsel has been *per se* ineffective. Pursuant to this provision, this Court remands where a **counseled** appellant in a criminal

-5-

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080 (Pa. Super. 2014).

Initially, we must assess whether Appellant satisfied the timeliness requirements of the PCRA. The timeliness of a PCRA petition is a

---

case fails to file a Rule 1925(b) statement or an untimely statement that amounts to *per se* ineffectiveness. ***See Commonwealth v. Scott***, 952 A.2d 1190 (Pa. Super. 2008)(holding that counsel's failure to file Rule 1925(b) statement constitutes *per se* ineffectiveness requiring a remand); ***Commonwealth v. Burton***, 973 A.2d 428 (Pa. Super. 2009) (extending remand procedure where counsel filed untimely Rule 1925(b) statement).

The rule requiring a remand for the filing of a Rule 1925(b) statement *nunc pro tunc* due to *per se* ineffective assistance of counsel pursuant to Pa.R.A.P. 1925(c)(3), is not applicable herein. As a *pro se* appellant, he cannot assert his own ineffectiveness. ***See Commonwealth v. Fletcher***, 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness.") (citing ***Faretta v. California***, 422 U.S. 806, 834 n.46 (1975)). Indeed, our Supreme Court has stated that a *pro se* defendant "may not rely upon his own lack of expertise as a ground for relief." ***Commonwealth v. Bryant***, 855 A.2d 726, 737 (Pa. 2004).

Thus, assuming, *arguendo*, that we had jurisdiction to address the merits in this case, any issues raised in this appeal would be waived. Pa.R.A.P. 1925 (b)(4)(vii) (Issues not included in the Rule 1925(b) statement or not raised in accordance with the provisions of this paragraph (b)(4) are waived).

jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Murray*, 753 A.2d 201, 203 (2000).

Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Seskey*, 86 A.3d 237 (Pa. Super. 2014). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace proviso, not applicable herein, allowed first PCRA petitions to be filed by January 16, 1997. *Commonwealth v. Robinson*, 12 A.3d 477, 479 n.3 (Pa. Super. 2011).

An untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is

met.[8]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S.A. § 9545(b)(2).  "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition."  ***Commonwealth v. Lambert***, 57 A.3d 645, 648 (Pa. Super. 2012).

Our review of the record reflects that Appellant's judgment of sentence became final on August 3, 2010.  He was sentenced on December 1, 2006, and we affirmed the judgment of sentence on March 26, 2008.  Our Supreme Court denied Appellant's petition for allowance of appeal on May 5, 2010.  Appellant did not seek review in the United States Supreme Court;

---

[8] The exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

pursuant to Sup.Ct.R. 13, the time for filing a petition for *certiorari* expired ninety days later, on August 3, 2010. Thus, any PCRA petition had to be filed by August 3, 2011. 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition must be filed within one year of the date the judgment of sentence becomes final). Appellant filed the instant second PCRA petition on December 14, 2011, more than sixteen months after his judgment of sentence became final. Thus, the instant PCRA petition is patently untimely. ***Seskey***, 86 A.3d 237.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file the petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S.A. § 9545(b)(2). The PCRA Court determined that none of the allegations in the PCRA petition raised applicability of any of the section 9545(b)(2) exceptions. Thus, it dismissed the petition as untimely.

On appeal, Appellant does not invoke any exception to the PCRA's time bar; indeed, he makes no argument concerning the timeliness of the petition. The allegations of the PCRA petition do not assert any claims relating to the revocation of his probation; rather, to the extent we can discern the nature of his incoherent ramblings, Appellant suggests violations at his initial bench trial and sentencing. These are the same issues that

were rejected when the PCRA court permitted counsel to withdraw on March 10, 2011, and dismissed the first PCRA petition on April 11, 2011. As to Appellant's allegation of trial counsel's ineffectiveness, our Supreme Court has made clear that an allegation of counsel's ineffectiveness cannot be invoked as an after-discovered fact to satisfy the requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii). *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007).

As Appellant did not allege below or in this appeal any exceptions to the time-bar of the PCRA statute, we conclude, as did the PCRA court, that his petition was untimely filed. Because the court below was without jurisdiction to reach the merits of the petition,[9] we affirm.[10]

Order affirmed.

---

[9] As noted in note 8, *supra*, even if this petition were timely and we had jurisdiction to address the merits, all issues are waived due to Appellant's failure to file the court-ordered Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii).

[10] The Application for Relief titled, "Petition for the Stricking [sic] Down of Megan's Law II as Unconstitutional in Pennsylvania," filed February 7, 2014, is denied. The Application for Relief titled, "Petition for the Stricking [sic]-Down of Act 91 as Unconstitutional in Pennsylvania," filed April 29, 2014, is denied. The Application for Relief titled, "Petition for the Stricking-[sic]Down of Act 111 as Unconstitutional in Pennsylvania," filed April 29, 2014, is denied. The Application for Relief titled, "Application for Speedy Disposition of Post Conviction Relief Act Motion Case #1181, MDA 2013," filed July 25, 2014, is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014