J-A04034-18

2018 PA Super 184

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| GRAHAM B. SPANIER | |
| Appellant | No. 1093 MDA 2017 |

Appeal from the Judgment of Sentence June 2, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003615-2013

BEFORE:  STABILE, J., NICHOLS, J., and RANSOM, J.*

DISSENTING OPINION BY RANSOM, J.:                    **FILED JUNE 26, 2018**

I respectfully dissent from the Majority opinion affirming Appellant's conviction.  In my view, the Commonwealth violated Appellant's due process rights when it failed to inform him of its intent to rely upon an exception to the statute of limitations at a reasonable time before trial.  Moreover, in my view, this issue is dispositive.  Accordingly, I would reverse Appellant's conviction and vacate his judgment of sentence.

The Majority Opinion aptly disposes of the facts and procedural history in this case.  However, I would emphasize that, in its Pa.R.A.P. 1925(a) opinion, the trial court reasoned that the statute of limitations was tolled by

---

* Retired Senior Judge Assigned to the Superior Court.

the exception outlined in 42 Pa.C.S. § 5552(c)(3). This marks the first, and only, mention of the exception at the trial court level.[1] **See** TCO at 9-10.

Most of Appellant's claims aver that the court erred in denying his post-sentence motion for a judgment of acquittal. "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Foster**, 33 A.3d 632, 635 (Pa. Super. 2011).

First, Appellant claims that the court erred in denying his motion for a judgment of acquittal on the child endangerment charge. **See** Appellant's Brief at 28. According to Appellant, the prosecution, commenced on November 1, 2012, was not brought within the two-year statute of limitations applicable for endangering the welfare of children. **See** Appellant's Brief at 28-29. Essentially, he raises two arguments: first, that there was no course of conduct because silence is not a course of conduct, and the jury rejected this argument;[2] and second, that the Commonwealth has waived any

_____

[1] This section provides that, "Any sexual offense committed against a minor who is less than 18 years of age any time up to the later of the period of limitation provided by law after the minor has reached 18 years of age or the date the minor reaches 50 years of age. As used in this paragraph, the term 'sexual offense' means a crime under the following provisions of Title 18 (relating to crimes and offenses)." **See** 42 Pa.C.S. § 5552(c)(3). Endangering the welfare of a child is one of the enumerated sexual offenses. **Id.**

[2] The question regarding course of conduct was posed to the jury as a question to determine grading. Pursuant to the statute, the offense is a misdemeanor

consideration of the exception provided by 42 Pa.C.S. § 5552(c)(3) by not raising this issue prior to trial. *Id.* at 28-29, 32-40.

With regard to Appellant's first argument, he contends that 1) silence alone cannot constitute a course of conduct, so the statute of limitations was never tolled, and 2) that the Commonwealth has not presented any evidence that Appellant owed the children in question a duty of care, or had a relationship requiring that he owe such a duty in 2001.[3] *See* Appellant's Brief at 28, 31 (citing in support *Commonwealth v. Popow*, 844 A.2d 13, 17 (Pa. Super. 2004).

In response, the Commonwealth contends that Appellant's conviction was a crime of nonfeasance. *See* Commonwealth's Brief at 14-15. The Commonwealth responds that Appellant's "one action" of failing to inform the Department of Welfare or the police of Sandusky's actions created an ongoing danger to children encountered by Sandusky, and that this failure to report

_____

of the first degree unless the actor engaged in a course of conduct of endangering the welfare of a child, which would result in grading the offense as a felony of the third degree. *See* 18 Pa.C.S. § 4304(b)(1)(ii). The jury determined that Appellant had not engaged in a course of conduct such that the offense would be graded as a felony.

Additionally, 42 Pa.C.S. § 5552(d) provides an exception to the statute of limitations by stating that an offense is committed either whenever every element occurs, or if there is a legislative purpose to prohibit a continuing course of conduct, then the offense is committed at the time when the course of conduct is terminated. *See* 42 Pa.C.S. § 5552(d).

[3] In so doing, Appellant references subsequent sections of his argument. *See* Appellant's Brief at 31.

was a violation of Appellant's duty of care. *Id.* (citing in support *Commonwealth v. Stitt*, 947 A.2d 195 (Pa. Super. 2008) (finding that two-year limitations period was never triggered due to defendant's continuing violation of failing to register as a sex offender)). Thus, according to the Commonwealth, Appellant's ongoing inaction of failing to report Sandusky's actions constituted a course of conduct, and the limitations period did not terminate until Sandusky's arrest. *Id.* Further, the Commonwealth avers that it appropriately informed Appellant of its intent to toll the statute in such a manner in the criminal information. *Id.*

With regard to the application of the statute of limitations,

[this] is a question of law. Thus, our standard of review is *de novo* and scope of review is plenary. Statutes of limitations are of course liberally construed in favor of the defendant and against the Commonwealth.

*Commonwealth v. Succi*, 173 A.3d 269, 279 (Pa. Super. 2017), *reargument denied* (Dec. 12, 2017) (internal citations and quotations omitted).

A statute of limitations defense is properly raised prior to trial in an omnibus motion to dismiss the charges. *See Commonwealth v. Corban Corp.*, 909 A.2d 406, 411 (Pa. Super. 2006). The Commonwealth bears the burden of establishing that a crime as charged was committed within the applicable limitations period. *Id.*

A prosecution for endangering the welfare of children must be commenced within two years after it is committed. *See* 42 Pa.C.S. § 5552(a). Except as otherwise provided by the general rules, a prosecution is

commenced either "when an indictment is found or an information under section 8931(b) (relating to indictment and information) is issued, or when a warrant, summons or citation is issued, if such warrant, summons or citation is executed without unreasonable delay." **See** 42 Pa.C.S. § 5552(e). The limitations period normally begins to run on the day after every element of a charge occurs. **See** 42 Pa.C.S. § 5552(d). However, "if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the complicity of the defendant therein is terminated, time] starts to run on the day after the offense is committed." **Id.**

In this case, the EWOC statute reflects a legislative purpose to prohibit a continuing course of conduct as it places a heavier penalty upon such an offense. The statute provides that a defendant engaging in a course of conduct, as opposed to a single instance of the crime, commits a felony of the third degree rather than a misdemeanor of the first degree, and is accordingly subject to a longer term of incarceration. **See** 18 Pa.C.S. § 4304(b)(1)(i)-(ii). Accordingly, the statute would run on the date that the conduct or complicity of the defendant ends. Thus, I must determine whether Appellant's *inaction* was actionable in 2011, when charges were filed against him.

To convict a defendant of EWOC, the Commonwealth must prove beyond a reasonable doubt that "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person . . . knowingly endanger[ed] the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a).

I will first address whether Appellant owed a duty of care to the children. The exact nature of this duty is malleable. The comments to 18 Pa.C.S. § 4304 note that the section "consolidates and simplifies the various provisions concerning crimes endangering the welfare of children. The offense involves the endangering of the physical or moral welfare of a child by an act or omission in violation of legal duty even though such legal duty does not itself carry a criminal sanction." *See* 18 Pa.C.S. § 4304 *cmt*. Pennsylvania courts have held that the Commonwealth must prove that the defendant: 1) was aware of his duty to protect the child; 2) was aware that the child was in circumstances that could threaten the child's physical or psychological welfare; and 3) has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare. *See Commonwealth v. Pahel*, 689 A.2d 963, 964 (Pa. Super. 1997).

Appellant relies largely upon *Commonwealth v. Taylor*, 471 A.2d 1228 (Pa. Super. 1984), to argue that he did not owe a duty of care to the child victim in this case. *See* Appellant's Brief at 40-41. He claims that *Taylor* held that 1) the duty cannot be the duty owed by all citizens to one another or that a stranger may owe a minor child, and 2) the duty must arise from contractual obligation, settled principles of tort or family law, or from other legal sources. *Id.* at 41. However, this is an inaccurate statement of the law: *Taylor* does not support Appellant's claims.

In *Taylor*, a father drove drunk with his minor daughter and her friend in the car. *Id.* at 1229. Later that night, still drunk, he took both girls to a

motel room, where he made sexual advances towards them and choked them. *Id.* The panel examined the relevant law regarding the duty of care, examining the Model Penal Code and noting that such a duty *need not* be stated in the code, but *may* arise from contractual obligations, settled principals of tort or family law, or other legal sources. *Id.* at 1230-31 (emphasis added). Further, the court reiterated that the "common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it." *Id.* at 1231.

Ultimately, this Court found that the evidence *was sufficient* to permit a jury to find that the defendant had violated a duty owed to children in his custody. *Id.* at 1231. However, the panel granted the defendant a new trial because the court had permitted a conviction based on a theory of criminal liability which had never been alleged by the Commonwealth or substantiated by proof. *Id.* at 1231-32. Accordingly, *Taylor* did not hold that the duty *must* arise from the enumerated sources, but merely noted that the duty *may* arise from those sources, and "others." *Id.* at 1230-31. Additionally, I find it of import to note that the court reiterated the common sense of the community is sufficient to apply the statute to individual cases. *Id.*

Other statutes are helpful in examining whether a duty was owed. In our view, the duty in the instant case is comparable to that imposed by the statutory provisions criminalizing the failure to report child abuse. As noted,

*supra*, the Commonwealth's contention is that Appellant's failure to report the sexual abuse of children on his campus to the police or the Department of Welfare was a violation of his duty of care. The Domestic Relations Code provides that a school employee must report suspected child abuse if the person has reasonable cause to suspect that a child is a victim of child abuse. **See** 23 Pa.C.S. § 6311(a). The statute penalizes the failure to report suspected child abuse or make a referral to the appropriate authorities if the person or official willfully fails to do so. **See** 23 Pa.C.S. § 6319. Further, the offense is graded as a felony where the person or official 1) willfully fails to report, or 2) has direct knowledge of the nature of the abuse. **Id.** Additionally, *any* person is encouraged to report suspected child abuse if that person has reasonable cause to suspect that a child is a victim of child abuse. **See** 23 Pa.C.S. § 6312 (emphasis added). The statute imposes an affirmative duty to report such cases on mandated reporters, and encourages the affirmative duty in cases of those who are not mandated reporters. It punishes the lack of action or willful failure to report in those who are mandated reporters.

Here, the common sense of the community and an individual sense of decency and morality would compel any reasonable person, but particularly a school official, to recognize and accept an affirmative duty, in a case of credible allegations of child abuse, to report the incident to the Department of Welfare or the police. This, Appellant did not do. Accordingly, he violated a duty of care owed to the child victim in the 2001 incident.

Equally instructive in failure to report cases is that criminal liability for this failure to report is also subject to a statute of limitations. Like the statute for EWOC, failure to report is subject to a two-year statute of limitations. **See** 42 Pa.C.S. § 5552. Unlike EWOC, however, there is no course of conduct exception, meaning that the discreet incident of failure to report does not continue beyond the period provided by the statute. Indeed, Appellant was charged with the failure to report suspected child abuse under this statute, but this charge was dismissed as it was beyond the statute of limitations.

With these principles in mind, I must determine whether Appellant's violation of his duty of care was actionable outside of the two-year period and whether the Commonwealth could legally bring such an action based upon the course-of-conduct exception. In **Popow**, this Court held that the logical interpretation of the statutory language of 18 Pa.C.S. § 4304(b) is "that it is designed to punish a parent who over days, weeks, or months, abuses his children, such as repeatedly beating them or depriving them of food . . . the statute was clearly not designed for an event that occurs within minutes, or, perhaps in a given case, even hours." **Id.** at 17. Since deciding that case, our Court has further noted that it is multiple acts, not the duration of time between the acts which is the operative concern. **Commonwealth v. Kelly**, 102 A.3d 1025, 1030–31 (Pa. Super. 2014).

The Commonwealth, on the other hand, employs a rather tortured argument to suggest that Appellant's inaction was a continuing course of conduct and that his "one action" created an ongoing danger to any child

brought onto the campus or encountered by Sandusky. The sole authority cited in support of its contention is *Commonwealth v. Stitt*, 947 A.2d 195 (Pa. Super. 2008).

In *Stitt*, a convicted sex offender was charged with failure to register pursuant to 42 Pa.C.S. § 9795.2(a)(2)(i). *Id.* at 196. This crime also carried a two-year statute of limitations. *Id.* at 197. Stitt argued that the Commonwealth had two years from the date of the crime – his failure to register his change of residence on July 14, 2002 – to file a criminal information. *Id.* Thus, according to the appellant, the Commonwealth should have commenced prosecution by July 2004. *Id.* However, the Commonwealth did not file its information until May 18, 2005, almost a year later. *Id.* Our Court rejected the argument, finding that the course of conduct exception applied, because

> [w]hile compliance with this statute is accomplished with the discrete act of appearing at the proper place and informing the proper authorities of one's residence, the failure to register represents the ongoing act of preventing the purpose of registration. Thus, it would be the termination of failing to register that triggers the running of the statute of limitations.
>
> If Stitt had registered with the authorities in September, 2002— two months late—the Commonwealth would have had until September, 2004 to prosecute him for the late registration. But Stitt did not register tardily, thus triggering the running of the statute of limitations. Stitt did not register at all—his absolute failure to register represents the ongoing violation of section 9795.2. Thus, the statute of limitations did not begin to run and so could not have been violated.

*Stitt*, 947 A.2d at 197–98.

The sex offender statute places an affirmative duty to register upon the defendant, and the termination of that crime – either by arrest, or by late registration – triggers the statute. *Id.* The failure to register is in itself the crime, and that crime continues until the action is ended. *Id.* In the instant case, however, there is no such ongoing obligation enshrined in the statute. A defendant endangers the welfare of a child by *violating a duty of care, protection, or support*, and *unless* there is a course of conduct or some other exception applicable, the statutory period ends at two years. *See* 18 Pa.C.S. § 4304(a)(1); 42 Pa.C.S. § 5552(a).

Here, the actions alleged as a violation are that Appellant, Curley and Schultz, entered into an agreement not to report the 2001 incident to the police or DHS, in exchange for Sandusky's promise to stay out of campus facilities and not to bring children into the facilities. As noted above, case law defining a course of conduct notes that the logical interpretation of the legislative language is that it should punish continuing conduct of multiple instances of abuse. *Popow*, 844 A.2d at 17. Similarly, parents who withheld critical medical services due to their religious beliefs engaged in a course of conduct where 1) their pattern of inaction led to the death of their son and 2) they were aware that the child was in circumstances threatening his life, and their "lame and meager" actions could not have been expected to protect his welfare. *See Commonwealth v. Foster*, 764 A.2d 1076, 1081-83 (Pa. Super. 2000).

- 11 -

Here, once Appellant agreed to the plan, while he may have violated his duty of care, his involvement ended with his February 27, 2001 email, agreeing to the revised plan not to report Sandusky to DPW. The Commonwealth has introduced no additional evidence to show that Appellant was aware of any incidents involving Sandusky after 2001 nor his active involvement in any further actions involving Sandusky. Accordingly, the course of conduct exception is inapplicable as a matter of law, where Appellant endangered the welfare of a child by failing to report suspected child abuse, and where the charges were not brought within the statute of limitations.

Finally, Appellant takes issue with the manner in which the trial court applied the statute of limitations. In its Pa.R.A.P. 1925(a) opinion, the trial court noted that the legislature had amended the statute of limitations relating to sexual offenses against children, including EWOC. **See** TCO at 9-10 (citing in support 42 Pa.C.S. § 5552(c)(3)). For such crimes, the statute of limitations begins "up to the later of the period of limitation provided by law after the minor has reached 18 years of age or the date the minor reaches 50 years of age." **See** 42 Pa.C.S. § 5552(c)(3).[4] The trial court noted that the

---

[4] At the time of the offense, 42 Pa.C.S. § 5552(c)(3) provided that for a sexual offense against a minor, prosecution could be commenced within two years after the victim's eighteenth birthday. 1990 Pa. Laws 1341, No. 208, § 1. The statute was amended January 29, 2007. **See** 42 Pa.C.S. § 5552(c)(3). Where a limitation period has begun to run before the statute repealing the statute takes effect, the time which is already run is deemed part of the time prescribed by the limitation. **See** 1 Pa.C.S. § 1975; **Commonwealth v. Riding**, 68 A.3d 990, 994-96 (Pa. Super. 2013). Thus, the court contends

child victim in the 2001 incident was ten to twelve years old; thus, the statute would run in approximately 2039. *Id.* at 10. Appellant asserts that reliance on this section of the statute was procedurally improper where this provision was never raised before or at trial. *Id.* at 32 (citing in support **Commonwealth v. Bethlehem**, 570 A.2d 563, 565-67 (Pa. Super. 1989) (noting that a post-verdict basis for applying an exception is unsustainable, where the facts of the case did not permit application of the tolling provisions in the first instance), *abrogated on other grounds by* **Commonwealth v. Gerstner**, 656 A.2d 108 (Pa. 1995)).

I reject the trial court's reliance upon this section. Moreover, I find the Majority's attempt to rationalize this belated reliance unpersuasive. As I will explain, *infra*, the Commonwealth's failure to invoke the exception violated the due process requirements of notice.

Historically, where the Commonwealth sought to toll the statute, it was required to allege the exception to the statute in the indictment itself. **See Commonwealth v. Bender**, 380 A.2d 868, 870 (Pa. Super. 1977) (reversing judgment of sentence and discharging defendant where the indictment did not notify defendant that Commonwealth sought to toll the statute of limitations). The Commonwealth must "apprise the defendant that he must defend not only against the crime itself but also against the limitation of prosecution."

_____

that the prosecution was timely commenced because the amendment to the statute took place prior to the victim's eighteenth birthday. **See** TCO at 9-10. Regardless, based upon our analysis *infra*, the timing of the filing is of no moment.

*Commonwealth v. Cody*, 156 A.2d 620, 623 (Pa. Super. 1959). *Cody* also

provides further guidance as to the reasoning behind this holding:

> [The defendant] should be informed before trial why the statute of limitation has no application. The opportunity to prepare a defense against such allegation should be given to the same extent as the opportunity to defend against the accusation of crime itself. Were it otherwise, no attack, preliminary to trial, could ever be made on this ground, and if made during or subsequent to trial, *an accused would be faced with the well-established rule that an attack on an indictment will not be considered after a plea is entered and the jury is sworn.*

*Cody*, 156 A.2d at 623 (emphasis added) (citing, *inter alia*, *Blackmun v.*

*Commonwealth*, 17 A. 194 (Pa. 1889)). Thus, proper notice was deemed

essential because it informs a defendant not only of the facts alleged but also

a specific reason why, despite a delay in prosecution, such prosecution may

nonetheless commence. *Id.* at 623. Absent such notice, a defendant suffers

prejudice. *Id.*

In one of the seminal cases discussing this issue, the Pennsylvania

Supreme Court's conception of prejudice evolved. According to the Court, the

Commonwealth was not required to include any notice of tolling or exceptions

to the statute of limitations in the criminal information; rather, any pretrial

notice was sufficient. *See Commonwealth v. Stockard*, 413 A.2d 1088,

1092 (Pa. 1980).

In *Stockard*, the defendant was charged with and convicted of five

counts of theft by failure to make required disposition of funds received, 18

Pa.C.S. § 3927, and five counts of violating Section 1-401(b) of the

Pennsylvania Securities Act of 1972, 70 P.S. § 1-401(b). ***Stockard***, 413 A.2d at 1089. Prior to trial, the defendant filed a motion to dismiss the criminal complaint with respect to the Section 3927 charges, averring that the two-year statute of limitations had expired prior to the time prosecution commenced and because the Commonwealth did not inform him in the indictment that it would seek to toll the statute.[5] ***Id.*** at 1092.

Ultimately, the Court concluded that the statute had been tolled within the limitations period, and because the Commonwealth informed the defendant of its intent to toll the statute in the answer to the motion to dismiss the complaint, the due process requirements of notice were satisfied. ***See Stockard***, 413 A.2d at 1092-93. Since **Stockard**, as I will discuss *infra*, our Courts have used the concept of "tolling" the statute in reference to both the specific section regarding tolling cited in ***Stockard*** – now enshrined at 42 Pa.C.S. § 5554 – as well as to other codified exceptions to the statute of limitations.

In conclusion, although ***Stockard*** relaxed the requirements of due process, granting the Commonwealth greater flexibility in the timing of its notice to a defendant of its intention to toll the statute of limitations, the Court reaffirmed the ancient rule that allegations of fact alone did not provide a

_____

[5] At the time of the defendant's arrest, the Crimes Code provided that "[t]he period of limitation does not run . . . during the time when the accused is continuously absent from this Commonwealth or has no reasonably ascertainable place of abode or work within this Commonwealth." 18 Pa.C.S. 108(f) (1973); ***see also Stockard***, 413 A.2d at 1092.

- 15 -

defendant with an opportunity to challenge the tolling of, or some other exception to, the statute of limitations. ***Id.***; ***see also Cody***, 156 A.2d at 623; ***Blackmun***, 17 A. at 194.

Subsequent case law has consistently applied this standard. In ***Commonwealth v. Bidner***, 422 A.2d 847, 849-50 (Pa. Super. 1980) *superseded by statute as recognized by* ***Commonwealth v. Nypaver***, 69 A.3d 708, 713-14 (Pa. Super. 2013), the defendant was charged with entering a false address on a Voter's Registration Affidavit. ***See Bidner***, 422 A.2d at 111. The trial court found that the information had not been brought within the statute of limitations and dismissed the charges. ***Id.*** Although the Commonwealth did not inform the defendant that it would seek to apply the exception, it specifically averred in the information that the crime contained a material element, fraud, which constituted an exemption from the limitations period under the applicable statutes. ***Id.*** at 854-55. Thus, this Court found that the information was not fatally defective and reversed. ***Id.***

In contrast to ***Bidner***, in ***Commonwealth v. Eackles***, the defendant was convicted of multiple counts of forgery, theft by unlawful taking, and conspiracy. ***See Commonwealth v. Eackles***, 428 A.2d 614, 616 (Pa. Super. 1981). The question in this case was whether fraud was a material element of theft by unlawful taking, such that the Commonwealth could "toll" the statute of limitations using the fraud exception then codified at 18 Pa.C.S. §

108(c)(1).[6] *Id.* at 618. The panel concluded that fraud was not a material element of theft by unlawful taking. *Id.* The panel also, citing **Stockard**, noted that "where the Commonwealth seeks to toll the statute under this section" with an exception, it must inform the defendant of said intention within a reasonable time so the defendant may defend against it. *Id.* Thus, because the information did not allege that the theft was accompanied by fraud or that fraud was a material element to the theft, the Commonwealth could not later rely upon this exception to commence prosecution. *Id.*

In **Commonwealth v. Cruz**, the defendant was charged with escape for failing to return to prison after his furlough and for absconding to Puerto Rico and then Chicago. **See Commonwealth v. Cruz**, 512 A.2d 1270, 1270-71 (Pa. Super. 1986). The applicable statute of limitations was two years. *Id.* The majority, citing **Stockard**, concluded that because the facts were received in the arrest warrant affidavit, and because the defendant was aware of the alleged facts, he was not prejudiced. **Cruz**, 512 A.2d at 1272. However, the majority noted further, despite this implicit notification, that the

---

[6] The fraud exception may now be found, with nearly identical wording, at 42 Pa.C.S. § 5552(c)(1). At the time, 18 Pa.C.S. § 108(c)(1) provided that a prosecution could be commenced beyond the expiration of the statute of limitations where "any offense a material element of which is . . . fraud . . . within one year after discovery of the offense by an aggrieved party or by a person who has legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years." **Eackles**, 428 A.2d at 618.

- 17 -

defendant had waived any challenge to the legitimacy of the information by failing to raise the limitation issue pre-trial. *Id.*

The *Cruz* dissent is instructive, noting specifically that the majority found waiver and suggests, therefore, that any further substantive analysis is dicta. *Cruz*, 512 A.2d at 1272-73 (finding factual notice insufficient because defense counsel does not routinely receive the affidavit submitted in a request for an arrest warrant).[7]

In *Commonwealth v. Bethlehem*, the defendant was convicted of rape, statutory rape, and involuntary deviate sexual intercourse as a result of the sexual abuse of his niece. *See Commonwealth v. Bethlehem*, 570 A.2d 563, 564 (Pa. Super. 1989), *abrogated on other grounds by Commonwealth v. Gerstner*, 656 A.2d 108 (Pa. 1995). Prior to trial, the defendant sought to dismiss the charges. *Id.* At that time, the Commonwealth did not raise an applicable statutory exception; its sole argument was that "time elements were not controlling in cases involving minors," relying upon an unpublished decision of this Court. *Id.* at 564-65. Instead, the trial court accepted the

---

[7] The dissent offered its own analysis of *Stockard*, finding that the case requires

> more than simply that a defendant be aware of the facts on which the Commonwealth might base an allegation; it holds that due process requires pre-trial notice that the Commonwealth will allege the exception. Without that specific notice, in a document which the defendant will receive, the defendant is denied his due process right to an opportunity to defend against the allegation.

*Cruz*, 512 A.2d at 1273.

Commonwealth's post-verdict assertion that 42 Pa.C.S. § 5554(3) applied to toll the limitations period. *Id.* at 565.

Our Court reversed for two reasons. First, it noted that the law "requires that any allegation that the running of a statute of limitations period was tolled *by an applicable statutory exception* must be made in the complaint itself, or at the latest, a reasonable time before trial." *Bethlehem*, 570 A.2d at 565 (citing in support *Cruz*, *supra*, and *Eackles*, *supra*) (emphasis added). There was no pretrial notice, either actual or constructive, that the Commonwealth sought to apply an exception to the statute. *Id.* Second, the post-verdict basis was unsustainable on the merits. *Id.* at 565-66 (concluding that "person responsible for the child's welfare," as used in statute tolling limitations period, was not synonymous with the legal term *in loco parentis*). Essentially, the Commonwealth's reliance upon an erroneous statement of law did not give the defendant sufficient notice that the Commonwealth sought to evade the statute of limitations with an enumerated exception. *Id.*

In *Commonwealth v. Morrow*, the defendant was charged with indecent assault of a victim under the age of eighteen. *See Commonwealth v. Morrow*, 682 A.2d 347, 348 (Pa. Super. 1996). In an omnibus pre-trial motion, the defendant sought to dismiss the charges as being beyond the applicable statute of limitations. *Id.* At a hearing on the motion, the Commonwealth notified the defendant in writing of its intent to toll the statute

under 42 Pa.C.S. § 5554(3).[8]  The trial court rejected this argument and dismissed the charges.  On appeal, the Commonwealth argued that the court erred in dismissing the charges because under 42 Pa.C.S. § 5552(c)(3), the charges were exempt from the limitations period.  *Id.*

Citing favorably to **Stockard**, **Bidner**, and **Cruz**, the panel held that the defendant was on notice that a statutory exception applied, where the complaint specifically averred that the victim was under fourteen years of age. *Id.* at 349.  Further, the Commonwealth had satisfied due process by informing the defendant of its intent to toll the statute with its response to the defendant's pretrial motion to dismiss.  *Id.*  Again, **Morrow** emphasizes that factual notice is required, but this requirement is distinct from the equally important notice that an exception to the normal running of the statute of limitations is applicable.  **See Morrow**, **supra**.

In **Commonwealth v. Russell**, 938 A.2d 1082 (Pa. Super. 2007), the defendant was charged with second degree murder and several other felonies perpetrated in connection with the murder.  **Russell**, 938 A.2d at 1987-89. All of the non-murder crimes were beyond their respective statutes of limitations, but the Commonwealth commenced prosecution based upon the

---

[8] "Except as provided by section 5553(e) (relating to disposition of proceedings within two years), the period of limitation does not run during any time when . . . a child is under 18 years of age, where the crime involves injuries to the person of the child caused by the wrongful act, or neglect, or unlawful violence, or negligence of the child's parents or by a person responsible for the child's welfare, or any individual residing in the same home as the child, or a paramour of the child's parent." **See** 42 Pa.C.S. § 5554(3).

"any felony alleged to have been perpetrated in connection with a murder" exception. *Id.*; *see also* 42 Pa.C.S. § 5551(4). Ultimately, the defendant was acquitted of the murder but convicted of several other crimes, including arson endangering persons, arson endangering property, risking a catastrophe, and cruelty to animals. *Id.*

On appeal, the defendant argued that to toll the statute of limitations, the Commonwealth must state in the criminal information the exception to the statute of limitations on which it relied. *Russell*, 938 A.2d at 1088. The defendant argued that because the Commonwealth had relied upon 42 Pa.C.S. § 5551(4) (no limitations applicable for any felony alleged to have been perpetrated with murder of first or second degree), and the jury had acquitted her of murder, her conviction for arson could not stand, as it was commenced beyond the statute of limitations. *Russell*, 938 A.2d at 1088. The panel held that, pursuant to *Stockard*, the Commonwealth satisfied its notice requirement where it apprised the defendant of its intent to rely upon 42 Pa.C.S. § 5551(4) to bypass the statute of limitations at a reasonable time prior to trial, in this case, at the hearing to resolve the defendant's motion to dismiss. *Id.* Thus, as the defendant was expressly aware of the Commonwealth's intention to rely on the exception, the defendant incurred no prejudice. *Id.*

As this line of cases makes clear, the law remains well settled. Essentially, provided the defendant, at some reasonable time prior to trial is apprised that the Commonwealth will seek to toll the statute, the due process

requirements of notice are met. *See Stockard*, 413 A.2d at 1092; *Cruz*, 512 A.2d at 1272-73; *Morrow*, 682 A.2d at 349; *Russell*, 938 A.2d at 1088; *Cody*, 156 A.2d at 623. The notice itself, and accordingly the opportunity to defend, is the operative and most important aspect: this is the due process concern that must be satisfied. *Id.*

The Majority contends that, pursuant to *Morrow* and *Commonwealth v. Houck*, 102 A.3d 443, 449-50 (Pa. Super. 2014) (noting that a defendant may be convicted of a crime not actually charged when the uncharged offense is a lesser-included offense; he will have been put on notice of the charges against him), the Appellant was constructively aware of the applicable statutory provision, as there was testimony that the victim was ten to twelve years old. This argument falls flat in the face of the Commonwealth's continued reliance upon the course of conduct exception, which I have rejected *supra*. As noted in *Bethlehem*, "there is a fundamental difference between knowledge of the existence of a statutory provision and receipt of notice that the prosecution will seek application of a given provision in a particular case with sufficient time prior to trial to prepare to challenge application of the provision." *Bethlehem*, 570 A.2d at 565 n.1; *see also Stockard*, 413 A.2d at 1092; *Cody*, 156 A.2d at 623.

Here, similarly, Appellant prepared his defense in response to the Commonwealth's express reliance upon the course of conduct exception. *See, e.g.*, *Cruz*, 512 A.2d at 1272-73; *see also Morrow*, 682 A.2d at 349. Appellant was unsuccessful in this challenge before the trial court, and the

matter proceeded to trial. Unlike the situation in **Morrow**, the Commonwealth did not notify Appellant of its intention to toll the statute here, based upon its assertion that the course of conduct exception applied. **See Morrow**, 682 A.2d at 349. In fact, it did not inform Appellant of its intention at all.[9] Absent proper pretrial notice, the requirements of due process were not met.

Accordingly, I cannot accept the trial court's assertion that 42 Pa.C.S. § 5552(c)(3) operates to extend the statute of limitations or any reliance by the Commonwealth upon this provision. The first instance of reliance upon this statute was in the court's 1925(a) opinion. As it was not raised prior to trial by the Commonwealth and Appellant did not have the opportunity to defend himself against it, I am constrained to find that Section 5552(c)(3) does not operate to extend the statute of limitations.[10] **See Morrow**, 682 A.2d at 349; **Stockard**, 413 A.2d at 1092.

The Commonwealth supplies no additional authority to support its contention that we should expand the EWOC statute of limitations in such a

---

[9] I note that, in its brief, the Commonwealth declines even to address its failure to properly notify Appellant at all. **See** Commonwealth's Brief at 13-20.

[10] I note with disfavor the lackadaisical manner in which the Commonwealth brought this case to trial and in not preserving all potential exceptions to the statute, if appropriate. As Appellant notes in his brief, the Commonwealth did not prove that the child in the shower was underage. **See** Appellant's Brief at 37-38. I note, with equal disapproval, that it was Appellant's own inaction that prevented the Commonwealth from proving anything about the child's identity or age.

manner, and I can find none.[11] Accordingly, based on the above, I cannot agree that the course of conduct or the sexual offenses against minors exceptions toll the statute in this case, and I would reverse Appellant's conviction and vacate his judgment of sentence. Thus, I dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2018

---

[11] There is nothing in the current statute or case law that permits a finding of course of conduct based upon inaction. This may be an issue for the legislature to address in the future, but as noted *supra*, this Court is constrained by the current state of the law.